NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30313
25-FEB-2011
08:17 AM

NO. 30313

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CRANDALL PENAFLOR, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 90-0146(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Crandall Penaflor (Penaflor) appeals from the Amended Judgment filed on December 22, 2009, in the Circuit Court of the Second Circuit (Circuit Court).[1] For the reasons set forth below, we affirm.

I.

The procedural history of this case that is relevant to this appeal is summarized as follows. In 1990, a jury found Penaflor guilty of first degree burglary (Count I), first degree terroristic threatening (Counts II and III), kidnapping (Count

---

[1] The Honorable Shackley F. Raffetto presided over the proceedings pertinent to this appeal.

IV); and first degree sexual assault (Count VI and VII).[2] The Circuit Court[3] sentenced Penaflor to consecutive terms of imprisonment totaling seventy years, and it denied the prosecution's motion for extended terms of imprisonment. The Circuit Court entered its Judgment on September 10, 1991.

Penaflor filed a direct appeal from the Circuit Court's Judgment. On August 26, 1992, the Hawai'i Supreme Court filed a memorandum opinion affirming Penaflor's Judgment.

On February 28, 2000, Penaflor filed a "Motion for Correction of Illegal Sentence Pursuant to HRPP [(Hawai'i Rules of Penal Procedure)] Rule 35" (HRPP Rule 35 Motion). On October 26, 2000, the Circuit Court[4] filed an Order denying Penaflor's HRPP Rule 35 Motion.

Penaflor appealed from the Circuit Court's Order denying his HRPP Rule 35 Motion. On October 21, 2002, this court issued a Summary Disposition Order resolving Penaflor's appeal. State v. Penaflor, No. 23939, 2002 WL 31375566 (Hawai'i App. October 21, 2002). We concluded that there was "no merit" to the arguments Penaflor raised on appeal, and, accordingly, we affirmed the Circuit Court's Order denying Penaflor's HRPP Rule 35 Motion. Id., slip op. at 2. However, we further concluded that the Circuit Court had committed plain error in failing to merge the kidnapping charge with the first degree terroristic threatening charge that involved the same victim (Counts II and IV), pursuant to Hawaii Revised Statutes (HRS) § 701-109(1)(a) and (4)(a) (1993). Id., slip op. at 2-3. We therefore

---

[2] The jury acquitted Penaflor of first degree robbery that was charged in Count V. As to the Count IV kidnapping, the jury found that Penaflor "released the person kidnapped alive and not suffering from serious or substantial bodily injury in a safe place prior to trial," thereby reducing that offense to a class B felony pursuant to Hawaii Revised Statutes (HRS) § 707-720(3) (1993).

[3] The Honorable Boyd P. Mossman presided.

[4] The Honorable Rhonda I.L. Loo presided.

"reverse[d] Penaflor's conviction for terroristic threatening [(Count II)] against the kidnapping victim." Id., slip op. at 3.

On December 21, 2009, the Circuit Court held a "resentencing" hearing. Penaflor, who was represented by counsel, appeared by telephone. Penaflor requested that his sentences be imposed to run concurrently. The Circuit Court denied Penaflor's request and sentenced Penaflor "in accordance with the opinion entered in this matter by the Intermediate Court of Appeals" to the same consecutive terms of imprisonment, minus the five-year term for the conviction on Count II that this court had reversed. The Circuit Court thereafter entered the Amended Judgment from which Penaflor appeals.

II.

Penaflor is represented on appeal by the Office of the Public Defender. The Public Defender's opening brief argues:

> The circuit court abused its discretion in resentencing Penaflor to consecutive sentences totaling sixty-five years (a) without considering any of the HRS § 706-606 factors, (b) without giving any reasons for the consecutive sentences, and (c) without having ordered or considered an updated presentence report containing information about Penaflor's conduct, achievements, etc. during the intervening eighteen years between his original September 1991 sentencing and his December 2009 resentencing, in violation of his constitutional right to due process.

The arguments raised by Penaflor's counsel are based on the assumption that because this court reversed Penaflor's conviction on Count II in our 2002 Summary Disposition Order, the Circuit Court was required to resentence Penaflor on the remaining counts for which he had been convicted. This assumption is wrong. "When used in an opinion or dispositional order, the word 'reverse' ends litigation on the merits . . . ." Hawai'i Rules of Appellate Procedure Rule 35(e) (2000). The effect of our reversing Penaflor's conviction on Count II was simply to remove the Count II conviction and sentence from Penaflor's Judgment. Our 2002 Summary Disposition Order did not

remand the case for resentencing or authorize resentencing, but rather affirmed the Circuit Court's Order denying Penaflor's HRPP Rule 35 Motion.

Under these circumstances, the Circuit Court was not required to resentence Penaflor on the remaining counts and was not authorized to change Penaflor's sentence on these counts pursuant to his HRPP Rule 35 Motion. The Circuit Court could have entered an Amended Judgment that removed the conviction and sentence on Count II without holding a sentencing hearing. Accordingly, the arguments raised by Penaflor's counsel, which assume that Penaflor was entitled to be resentenced and entitled to the protections associated with sentencing, are without merit.

Although Penaflor was represented by counsel on appeal, Penaflor filed his own brief[5] in addition to the briefs filed by counsel. As a represented party, Penaflor was not entitled to file his own brief. In any event, the arguments in Penaflor's brief appear to challenge the Circuit Court's decision to deny Penaflor's second HRPP Rule 40 petition, which is not the subject of this appeal, but was previously affirmed by this court in Appeal No. 28527.[6] To the extent Penaflor's brief challenges the Circuit Court's actions in rejecting his request for concurrent sentences, that challenge fails for the same reason that the arguments of his counsel fail.

---

[5] Penaflor filed his own "Petitioner's Opening Brief" and "Petitioner's Addendum to Opening Brief," which we collectively refer to as Penaflor's "brief."

[6] On September 11, 2006, Penaflor filed his second HRPP Rule 40 Petition to Vacate, Set Aside, or Correct Judgment, which was denied by the Circuit Court on April 17, 2007. In Appeal No. 28527, we affirmed the Circuit Court's denial of Penaflor's second HRPP Rule 40 petition by Summary Disposition Order. State v. Penaflor, No. 28527, 2008 WL 2503259 (Hawai'i App. June 24, 2008).

4

III.

The Circuit Court's Amended Judgment that was filed on December 22, 2009, is affirmed.

DATED: Honolulu, Hawai'i, February 25, 2011.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

*Lawrence M Reifurth*

Associate Judge

5